UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOZICA PERUSIC,

    Plaintiff(s),

v.

GIBRALTER PLASTICS, INC.,

    Defendant(s).
_____/

Case No. 03-75052

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION [35]**

    Defendant's motion for reconsideration is presently before the Court. Because Plaintiff was no longer entitled to protection under the Family Medical Leave Act ("FMLA") and for the reasons set forth below, the Court GRANTS Defendant's motion.

**I.    Procedural History**

    Plaintiff Bonzica Perusic ("Plaintiff") brought an action against her former employer, Defendant Libralter Plastics ("Defendant"), alleging violations of the FMLA, 29 U.S.C. §§ 2601 et seq., Michigan public policy, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., Michigan's Elliot-Larsen Civil Rights Act, MICH. COMP. LAWS §§ 37.1101 et seq., Title VII, 42 U.S.C. §§ 2000e, et seq., and Michigan's Worker's Disability Compensation Act, MICH. COMP. LAWS §§ 418.101 et seq. Defendant then brought a motion seeking summary judgment on all counts. The Court granted the motion except as to the FMLA claim, finding that there are genuine issues of material fact. There are two adverse actions at issue in this case: a demotion and a subsequent termination. Defendant

filed a timely motion for reconsideration only regarding the Court's ruling with respect to the latter.

## II.   Standard of Review

Pursuant to Rule 7.1(g) of the Local Rules for the Eastern District of Michigan, a motion for reconsideration may be filed within ten days after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court shall not be granted.

## III.   Analysis

The following facts are not in dispute. Plaintiff took FMLA leave from July 24, 2002 until August 27, 2002 or for approximately five weeks. On August 30, 2002, Plaintiff was demoted. Less than five months later, on January 14, 2003, Plaintiff left work to see her doctor and did not return, citing various physical and emotional problems. Then, on April 11, 2003, three months after she left work for these health problems, Plaintiff was terminated.

The FMLA guarantees only twelve weeks of unpaid leave during any twelve month period. Thus, Plaintiff would have exhausted her FMLA leave in March of 2003. Once a plaintiff has exhausted her FMLA leave and is unable to return to work, she loses protection under that statue. *Cehrs v. Northeast Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 784-85 (6th Cir. 1998); *Donahoo v. Master Data Center*, 282 F.Supp.2d 540, 554 (E.D. Mich. 2003). In this case, however, the Court found that there was a genuine issue whether Plaintiff was using another statutory or contract right to take her second leave.

Defendant has subsequently come forward with evidence showing that the leave was taken pursuant to the FMLA. (Def.'s Ex. 55.) In addition, the FMLA provides that an employer may require leave taken pursuant to that statute to run concurrently with any other leave which an employee may be entitled–e.g., sick leave, worker's compensation, short term disability, etc. 29 U.S.C. § 2612(d)(2)(B); *see also Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1204-06 (11th Cir. 2001). In this case, Defendant had a policy requiring FMLA leave to run concurrent. (Def.'s Ex. 62.) And Plaintiff was made aware of this policy. (Def.'s Ex. 63.) Thus, there is no genuine issue regarding exhaustion. Moreover, because the termination occurred after Plaintiff's leave was exhausted, she cannot bring an FMLA interference or retaliation claim against Defendant.

## IV. Conclusion

For the reasons set forth above, it is hereby ordered that Defendant's motion for reconsideration is GRANTED and Plaintiff's FMLA claim as to her termination is DISMISSED.

SO ORDERED.

                                               s/NANCY G. EDMUNDS
                                               Nancy G. Edmunds
                                               United States District Judge

Dated: April 27, 2005