UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOZICA PERUSIC,

    Plaintiff(s),

v.

LIBRALTER PLASTICS, INC.,

    Defendant(s).
                                      /

Case No. 03-75052

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [45]**

Plaintiff's motion for reconsideration is presently before the Court. For the reasons set forth below, the Court DENIES this motion.

**I.    Procedural History**

Plaintiff Bonzica Perusic ("Plaintiff") brought an action against her former employer, Defendant Libralter Plastics ("Defendant"), alleging violations of numerous statutes, including the Family Medical Leave Act ("FMLA), 29 U.S.C. §§ 2601 et seq. Defendant then brought a motion seeking summary judgment on all counts. The Court granted the motion except as to the FMLA claim, finding genuine issues of material fact. Based on Plaintiff's complaint and briefs, the Court found two adverse actions at issue in the case: a demotion and a subsequent termination. Defendant filed a motion asking the Court to reconsider its ruling on the latter because, it argued, Plaintiff lost FMLA protection when she was absent for more than four weeks (i.e., the time allowed under the statute). The Court granted this motion. Plaintiff has now filed its own motion for reconsideration.

**II. Standard of Review**

Pursuant to Rule 7.1(g) of the Local Rules for the Eastern District of Michigan, a motion for reconsideration may be filed within ten days after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court shall not be granted.

**III. Analysis**

Plaintiff first argues that the Court failed to distinguish *Cehrs v. Northeast Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 784-85 (6th Cir. 1998) and *Donahoo v. Master Data Center*, 282 F.Supp.2d 540, 554 (E.D. Mich. 2003). Plaintiff attempted to distinguish these cases in its response to Defendant's motion for reconsideration and this argument was rejected by the Court. It is therefore not proper here.

Next, Plaintiff contends that it was error to rely on Defendant's evidence for the proposition that the second leave was taken pursuant to the FMLA. This claim ignores the Court's holding that, even if Plaintiff did not classify the time off as FMLA leave, the days would be considered to determine whether the leave was permitted under the statute. Thus, this argument, even if correct, would not change the Court's ruling.

Plaintiff also argues that, even though she lost statutory protection after taking additional medical leave, the Court must consider whether her termination was in retaliation to her first FMLA leave. This argument is not different from that of a plaintiff who takes medical leave for more than four weeks, is terminated, and then brings an action claiming that the employer made the decision before four weeks had passed. This type of argument

is not allowed. Once Plaintiff used more than four weeks of medical leave, she was not protected by the FMLA.

Plaintiff's next argument is that the Court did not analyze the case under the proper framework. She specifically claims that this is a "mixed-motive" case and thus, she need only show that illegal retaliation was a motivating factor in the decision. This is a correct statement of the rule. This argument was previously made, however, and rejected because this doctrine is not applicable to a plaintiff who is no longer protected under the statute.

Plaintiff's final contention is that she was constructively discharged. This argument is improper for numerous reasons. First, in her complaint, Plaintiff does not allege a constructive discharge claim. It is improper for her to attempt to amend the complaint in her motion for reconsideration. Second, this argument could have been made in her original response to Defendant's motion for summary judgment, in her response to Defendant's motion for reconsideration, or her supplemental brief. It was not. A motion for reconsideration is not the proper vehicle to advance positions that could have been made earlier. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998). Finally, this argument essentially takes issue with the Court's original order granting in part Defendant's motion for summary judgment. Thus, it is not timely. *See* E.D. MICH. R. 7.1(g)(1).

## IV.  Conclusion

For the reasons set forth above, it is hereby ordered that Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: May 11, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 11, 2005, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager