UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOZICA PERUSIC,

    Plaintiff(s),

v.

LIBRALTER PLASTICS, INC.,

    Defendant(s).
                                                      /

Case No. 03-75052

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY ISSUE FOR
INTERLOCUTORY APPEAL AND STAY PROCEEDINGS [47]**

This is an employment discrimination case. In Plaintiff's complaint, she alleged violations of the Family Medical Leave Act ("FMLA"), the Age Discrimination in Employment Act, Michigan's Elliot-Larsen Civil Rights Act, Title VII, and Michigan's Worker's Disability Compensation Act. The Court then granted Defendant's motion for summary judgment on all counts except for part of Plaintiff's FMLA claim. This matter is before the Court on Plaintiff's motion to certify an issue concerning her FMLA claim for interlocutory appeal and to stay proceedings. For the reasons that follow, this motion is DENIED.

**I.    Factual and Procedural Background**

Plaintiff is a former employee of Defendant. In the summer of 2002, Plaintiff took a vacation to visit her mother who, during the visit, began having health problems. Plaintiff then took FMLA leave which extend her stay four to five weeks. After returning to work, Plaintiff was demoted. Less than five months later, she left work and did not return.

Approximately three months after she left, Plaintiff received a letter indicating that her position had been terminated.

As noted above, Plaintiff filed a complaint alleging violations of various statutes. The Court subsequently granted Defendant's motion for summary judgment on all counts except the FMLA claim.

In its order, the Court recognized that FMLA claims fall into one of two categories, both of which were brought by Plaintiff. First, Plaintiff set forth an "entitlement" claim[1] based on her demotion.[2] For this claim, the Court found that Plaintiff presented evidence to create a genuine issue of material fact.

Second, regarding Plaintiff's "retaliation" or "discrimination" claim,[3] the Court noted the elements for a prima facie case set forth by the Sixth Circuit: Plaintiff must show that (1) she availed herself of an FMLA right; (2) she suffered an adverse employment action; and (3) there is a causal relationship between the two. *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001). To advance this claim, Plaintiff complained of numerous incidents: "she was immediately demoted, . . . her pay [was] dramatically decreased, she was then subjected to increased scrutiny of her performance, her file was padded and a string of unprecedented disciplinary write-ups ensued, her employment was threatened and she was ultimately terminated." (Pl.'s Br. at 15.) The Court noted that "[t]he only actions that were actually *adverse* . . . were the demotion (which includes the

---

[1] This claim arises from 29 U.S.C. § 2615(a)(1).

[2] Section 2615(a)(1) also gives rise to an "interference" claim–i.e., when an employer prevents an employee from taking FMLA leave. This type of claim is not relevant here.

[3] This claim arises from 29 U.S.C. § 2615(a)(2).

pay decrease) and the termination of her employment." (March 4, 2005 Order at 12.) With respect to these two actions, however, the Court found that summary judgment was not appropriate.

Defendant filed a timely motion for reconsideration. It argued that, when the termination occurred, Plaintiff had used more leave than the FMLA permitted and was therefore not entitled to protection under the Act. The Court agreed and granted the motion therefore dismissing this part of Plaintiff's FMLA claim.

Plaintiff then filed a motion for reconsideration. She argued that the Court must consider the possibility of a constructive discharge (which would have occurred before her FMLA leave was exhausted). The Court rejected this argument because this claim was not made in her original complaint and it was not timely–that is, it took issue with the Court's original order granting Defendant's motion for summary judgment, not the order granting Defendant's motion for reconsideration. She also argued that her termination was protected under the Act because it was in retaliation to her first FMLA leave. The Court found that this argument was also without merit.

Plaintiff then filed a motion for this Court to certify an interlocutory appeal. Although Plaintiff does not do so, her argument must be divided into two parts: can either (1) harassment that occurred after a permissible FMLA leave or (2) a termination that occurred after Plaintiff used all of her FMLA leave (but where the intent was allegedly formed earlier, after a permissible leave) give rise to a violation of the statute.

**II.     Analysis**

Title 28, section 1292(b) of the United States Code permits an interlocutory appeal if the district judge is "of the opinion that such order involves a controlling question of law as

to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" and, in addition, the court of appeals permits the appeal.  28 U.S.C. § 1292(b).

In the original order addressing Defendant's summary judgment motion, the Court held that an FMLA discrimination/retaliation action can be made only if there is an adverse employment action.  This was the argument advanced by Defendant to which Plaintiff did not object.  That is, Plaintiff agreed that the rule announced in *Skrjanc* was controlling.

It must be noted, however, that this rule is in contrast to actions brought under other discrimination statutes (such as Title VII) which allow recovery for retaliation (which requires an adverse employment action) or a hostile work environment (which does not). The parties have not set forth (and this Court has not found) any case interpreting the FMLA as allowing a hostile work environment claim.  *But see Haley v. Alliance Compressor LLC*, 391 F.3d 644 (5th Cir. 2004)(addressing constructive discharge based on harassment in FMLA case).  This does not necessarily mean, however, that the statute does not permit this type of claim.

The relevant statutory language provides as follows: "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."  29 U.S.C. § 2615(a)(2).  The phrase "in any other manner discriminate" appears, on its face, to encompass harassment as a manner of discrimination.

If it does, the Court erred in excluding Plaintiff's claims dealing with harassing behavior–e.g., increased scrutiny, write-ups, and threats–as a matter of law.  Even if there was an error, however, it was harmless.  One element of a hostile work environment

4

requires a plaintiff to show that the harassment "had the effect of unreasonably interfering with [her] work performance by creating an intimidating, hostile, or offensive work environment." *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999)(citation omitted). Even viewed in a light most favorable to the Plaintiff, the incidents excluded from consideration by the Court do not constitute an unreasonable interference. Thus, summary judgment was proper. Moreover, because Plaintiff's untimely and improper constructive discharge claim would require her to show harassment that is more severe than a typical hostile work environment, that claim would also be without merit.

The second part of Plaintiff's argument is that her termination can be viewed as a retaliation based on her first FMLA leave. In denying Plaintiff's motion for reconsideration, the Court noted that

> [t]his argument is not different from that of a plaintiff who takes medical leave for more than [twelve] weeks, is terminated, and then brings an action claiming that the employer made the decision before [twelve] weeks had passed. This type of argument is not allowed. Once Plaintiff used more than [twelve] weeks of medical leave, she was not protected by the FMLA.

(May 11, 2005 Order at 2-3.)[4]

Plaintiff argues that there is substantial ground for disagreement on this issue because it is one of first impression and was difficult. She first points to the Court's request for additional briefing. The Court required briefing only on the issue of whether FMLA leave ran concurrently with other medical leave, however. This is a discrete matter and does not necessarily show that the issue is a complicated one. Plaintiff is correct in that this is a

---

[4]The Court notes that it inadvertently used four weeks in its original hypothetical. This was a typographical error. As pointed out by Plaintiff, this is incorrect because the FMLA permits 12 weeks of unpaid leave in a 12 month period.

5

matter of first impression. This fact does not, in and of itself, warrant the grant of an interlocutory appeal. Plaintiff further alleges that restoration claims are treated differently than discrimination claims for loss of protection purposes. However, she neither points a case which explicitly makes this distinction nor provides reasoning why this division should be made. Thus, an interlocutory appeal is not warranted in this case.

### III.  Conclusion

For the reasons stated above, the Court hereby orders that Plaintiff's motion to certify an interlocutory appeal and stay proceedings is DENIED.


       s/Nancy G. Edmunds  
       Nancy G. Edmunds  
       United States District Judge

Dated:  May 24, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2005, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer  
       Case Manager